

**United States Court of Appeals for the Fifth Circuit**

Certified as a true copy and issued as the mandate on Mar 21, 2023

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 27, 2023
Lyle W. Cayce
Clerk

No. 22-50445

ROGELIO CARLOS, III; MYRNA CARLOS,

*Plaintiffs—Appellants,*

*versus*

M.D. WILLIAM VANNESS,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-401-FB

---

Before ELROD, HAYNES, and WILLETT, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 27, 2023
Lyle W. Cayce
Clerk

No. 22-50445

ROGELIO CARLOS, III; MYRNA CARLOS,

    *Plaintiffs—Appellants*,

*versus*

M.D. WILLIAM VANNESS,

    *Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-401-FB

Before ELROD, HAYNES, and WILLETT, *Circuit Judges*.

PER CURIAM:*

    This case stems from a surgery that unfortunately resulted in Rogelio Carlos's paralysis. Various parties were sued, but this appeal addresses only the severed malpractice lawsuit against the remote neuromonitoring physician, William VanNess. In the district court, the only expert evidence against Dr. VanNess was provided by Dr. Sclabassi, himself a neuromonitoring physician. The district court concluded that Dr.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50445

Sclabassi's testimony, while establishing a violation of the standard of care, could not establish that Dr. VanNess's violation of that standard of care caused Mr. Carlos's paralysis. It accordingly granted summary judgment.[1]

We have carefully considered the briefs, relevant evidence, and oral arguments in this case. Having reviewed that information, we conclude that the summary judgment was not erroneously granted. AFFIRMED.

---

[1] The surgery resulted in fractures to Mr. Carlos's vertebrae. Dr. Sclabassi alleged that if Dr. VanNess had advised the surgeon sooner of abnormal electrical signals, the surgeon would have been able to rectify the situation. However, he also admitted that the appropriate medical person to address the question of causation is a neurosurgeon, which is not his speciality.